**ZENO B. BAUCUS**
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:  (406) 657-6101
FAX:  (406) 657-6989
E-mail:  zeno.baucus@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JEREMY GEORGE LUSK,**<br><br>Defendant. | **CR 23-06-BU-DLC**<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, represented by Zeno B. Baucus, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing of the defendant.

1

## INTRODUCTION AND FACTUAL NARRATIVE

In April 2023, Lusk was charged in a two-count indictment with Travel with Intent to Engage in Illicit Sexual Conduct (Count 1) and Attempted Transfer of Obscene Material to a Minor (Count 2).  PSR ¶ 1.  Pursuant to the plea agreement between the parties, Lusk entered a guilty plea to Count 1 of the Indictment with the understanding the United States will move to dismiss Count 2 at sentencing.  PSR ¶ 8.  The PSR has determined that Lusk, a criminal history category I, has a recommended guideline range of 46 to 57 months imprisonment.  PSR ¶ 90.  Neither party has any objections to the PSR.  The facts underlying Lusk's criminal conduct are as follows:

In January 2023 law enforcement was operating online in an undercover capacity and responded to an ad on social media site that was looking for a sexual encounter.  PSR ¶ 13.  The ad was sexually explicit.  Law enforcement reached out to the individual on another social media application, asking the user who was later identified as Lusk, if he had age limits.  PSR ¶ 15.  Lusk responded that he did not and the undercover stated that she was 14 years old and lived in Bozeman.  *Id*.  Lusk then expressed hesitation with the undercover's purported age before re-engaging with the undercover and expressing a desire for someone her age.  PSR ¶ 16.

The two continued to correspond, with Lusk asking for a picture of the undercover persona and Lusk sending obscene pictures in addition to pictures of himself.  PSR ¶ 18.  Lusk asked the undercover to delete these photos and noted that he deletes much of his social media activity.  PSR ¶ 19.  Lusk learned that the persona was a freshman in high school.  Their conversations were sexually explicit and lasted for days and included Lusk sending the undercover sexually explicit videos.  Ultimately, the two discussed Lusk traveling to Bozeman to meet the persona and indicated the two of them would have to have sex in his truck.  PSR ¶ 31.  He also stated that he was bringing a "toy" for her.  *Id*.  On February 23, 2023, Lusk was taken into custody in Bozeman when he arrived believing he was going to meet the undercover persona.  He had traveled from Wyoming for this purpose.  Inside his truck was the following items: lubricant jell, condoms, and a sex toy.  PSR ¶ 35.

## SENTENCING ARGUMENT

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Certain of the factors pursuant to 18 U.S.C. § 3553 are particularly relevant in determining the defendant's sentence.   It is important to note, however, that the Guidelines are the "starting point," and only one factor for a court to

consider in drafting an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *United States v. Gall*, 552 U.S. 38, 50 (2007). In the instant action, the PSR has calculated a guideline range of 46 to 57 months. PSR ¶ 90. Based on the seriousness of the offense and need to adequately deter the defendant and protect the public, the United States recommends a sentence of 57 months.

**A.     The Need for the Sentence to Reflect the Seriousness of the Offense**

In the beginning of this year Lust began to correspond with someone that he believed was a 14-year-old child in Bozeman. Over a period of multiple days, Lusk engaged in sexually explicit discussions with this persona. He sent videos of sexually explicit conduct. He told her how to masturbate and what to try, suggesting using a vegetable. PSR ¶ 22. He sent her a video of him masturbating and said he was thinking about her. PSR ¶ 26. He attempted to groom her by sending videos and images of sexually explicit conduct and suggested where he would have to pick her up when he came to meet her. And attempt to meet her, he did.

Underscoring the concern for the United States is Lusk's deceptive response to an August 2023 polygraph examination. When asked if he had previously engaged in hands-on offenses Lusk responded in a deceptive manner. PSR ¶ 68.

While it is unclear if he was omitting a previous event from his past, *id*, Lusk's lack of forthrightness with his examiner with respect to his sexual history is raises, as the very least, red flags and suggests that he may be a threat going forward. Indeed, Lusk traveled, on his own volition, from Wyoming to Bozeman to engage in sexual conduct with what he thought was a 14-year-old. For over a month Lusk could have disengaged from the conversation or otherwise realized the harm that he was inflicting and about to inflict on a child that he had never met. He declined to do so. And if there is any question as to his intent when he traveled all the way from Wyoming to Bozeman, Lusk put that to rest when a search of his vehicle revealed many items, including condoms and a sex today, that evidenced his intent. PSR ¶ 35. Indeed, Lusk admitted as much. PSR ¶ 33. His conduct in this case is serious and merits a significant sentence. Had it been a real child he would have sexually abused her, and it is wishful thinking by Lusk, now after he has been caught, that he "would have come to [his] senses and called the whole thing off." PSR ¶ 38. This is very serious conduct that warrants a significant sentence.[1]

---

[1] By way of comparison, in August of this year this Court sentenced Zachary Stephens, admittedly a worse offender that Lusk, to 87 months for the same offense. *United States v. Stephens*, CR 22-20-BLU-DLC, Doc. 48. As such, a sentence of 57 months in the instant case is appropriate and not disparate.

**Sentencing Recommendation:**

Therefore, the United States recommends a sentence of 57 months followed by supervised release.

DATED this 12th day of October, 2023

                              JESSE A. LASLOVICH
                              United States Attorney

                              /s/ *Zeno B. Baucus*
                              ZENO B. BAUCUS
                              Assistant U.S. Attorney

CERTIFICATE OF SERVICE
L.R. 5.2(b)

\* \* \*

I hereby certify that on October 12, 2023, a copy of the foregoing document was served on the following persons by the following means:

| 1, 2 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Michael Donahoe
   Attorney for Defendant


/s/ Zeno B. Baucus
ZENO B. BAUCUS
Assistant U.S. Attorney